DISCIPLINARY PROCEEDINGS
PER CURIAM *.
This matter arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Heyward G. Jeffers, Jr., an attorney licensed to practice law in the State of Louisiana.
A review of the underlying facts indicates that on January 19,1995, Mrs. Bertha Stans-berry retained respondent to represent her son, Huey Sonnier, who had been arrested on September 2, 1994 in connection with a felony charge involving theft of a motorcycle. She paid respondent a total of $2,500 and executed a promissory note for the balance of the $3,700.00 fee. Respondent obtained a copy of the arrest report from the bail bond office, drafted a motion to suppress confession, visited Mr. Sonnier four times and spoke frequently with Mrs. Stansberry.
On November 29, 1994, prior to Mrs. Stansberry’s hiring of respondent, the trial court had appointed Carl Babin to represent Mr. Sonnier and set the ease for motions on March 1, 1995. However, respondent was not aware of Mr. Babin’s representation until April 20, 1995, at which time Mr. Babin scheduled an instanter hearing and Mr. Son-nier pleaded guilty. He was sentenced to two years at hard labor.
On May 4, 1995, Mrs. Stansberry filed a complaint with the ODC, alleging' that she paid respondent $2,500 and he had not performed any legal services of a substantive nature. The ODC forwarded the complaint to respondent on June 5, 1995. On June 28, 1995, respondent submitted his response to the complaint. On October 11, 1995, the ODC requested copies of pleadings filed for the April 24, 1995 trial. The respondent made no response and a copy of the October 11, 1995 letter was sent certified mail return receipt requested. In his response, respondent reiterated information he provided on June 28, 1995. On December 7, 1995; the ODC informed respondent that it would assume no pretrial motions were filed and that he failed to enroll as counsel of record for Huey Sonnier. Formal charges were filed May 9,1996. Respondent filed an answer to the formal charges on June 3,1996.
Respondent appeared and testified at the formal hearing before the hearing committee. He admitted that he filed no motions in the case, did not review the court record, interviewed no witnesses and did not enroll as counsel of record.[1] However, he stated he obtained a copy of the original arrest report from the bail bondman, which set forth the nature of the crime. He interviewed Mr. Sonnier, who admitted to the crime, but claimed he was “roughed up” by police. Respondent indicated his strategy was not to enroll as counsel of record until the date of trial. If the witnesses appeared, he would attempt to get a continuance or negotiate a plea bargain; if the witnesses did not appear, he would seek to have the charges dismissed. Respondent explained that he planned this approach because Mr. Sonnier had a criminal record and had confessed to the police. Respondent also produced the testimony of Joseph W. Heckler, the appointed counsel for Mr. Sonnier’s co-defendant, Reginald Waller., Mr. Heckler testified that he followed a similar strategy in the representation of his *592 client. It so happened that the accusing witness was not available at trial, and the district attorney dismissed the charges against Mr. Waller.
On September 11, 1996, the hearing committee issued its findings and recommendation. The committee unanimously found that the ODC had not proven either count of misconduct by clear and convincing evidence. The committee found that neither Mrs. Stansberry nor Mr. Sonnier had informed respondent that Mr. Babin was involved and respondent did not review any court records to determine that this was the ease. It found the $2,500 fee was reasonable and found that respondent did communicate with Mrs. Stansberry, even though she felt the communications were unsatisfactory. The committee reasoned that had respondent’s strategy been allowed to be played out, he would have obtained, an acquittal similar to the resolution obtained by co-counsel. Thus, the committee found no violations of the rules and stated that the remaining fee dispute should be resolved in civil litigation or arbitration.
The ODC filed an objection to the hearing committee report, arguing that respondent has clearly violated duties owed to his client to provide competent and diligent representation and his fiduciary duty by failing to account for any unearned fee. ,
On May 29, 1997, the disciplinary board filed its recommendation. The board rejected the hearing committee’s finding that the ODC did not prove any violation. In its reasons, the board stated that respondent should have checked the court record to determine whether Mr. Sonnier -had other counsel and to determine court dates. It found that respondent did not do what he was paid to do, and any work done by respondent was rendered “useless” because he never filed a motion to enroll as counsel. It further found that no accounting was ever given to Mrs. Stansberry.
Based on these reasons, the board recommended that respondent be suspended from the practice of law for a period of ninety days, deferred, with the deferral conditioned on respondent refunding the $2,500 fee to Mrs. Stansberry and making payment for all costs in these proceedings. In the event he failed to show proof of payment to the disciplinary board and the ODC within sixty days from the finality of this court’s judgment, it recommended his suspension be made execu-tory.
One board member dissented and would have recommended a public reprimand; another board member dissented for the reasons given by the hearing committee.
Neither respondent nor the ODC have filed objections in this court to the disciplinary board’s recommendation.
Upon review of the findings and recommendations of the hearing committee and the disciplinary board and the record filed herein, it is the decision of the court that the disciplinary board’s recommendation be adopted.
Accordingly, it is ordered that respondent, Heyward G. Jeffers, Jr., be suspended from the practice of law for a period of ninety days, deferred, with the deferral contingent upon respondent refunding the $2,500 fee to Mrs. Stansberry and paying all costs of these proceedings. In the event respondent fails to provide evidence of such payment to the Office, of Disciplinary Counsel within sixty days of the finality of this judgment, the ninety day suspension shall become executo-ry.' ’
TRAYLOR, J., dissents.

 Marcus, J., not on panel.' Rule IV, Part 2, § 3.

. Respondent claimed that he tried to interview police officers, witnesses and the victim, but they did not appear. He claimed to have spoken with an LSU police officer.